STURGIS, Acting Chief Judge.
We consider a petition of an employee for certiorari to review an order of the Florida Industrial Commission, one member dissenting, which vacated an order of'a deputy commissioner holding that the Commission had jurisdiction of the parties and of the subject matter of petitioner’s claim for compensation under the Workmen’s Compensation Law.
There had been a prior order of another deputy commissioner dismissing the claim for lack of jurisdiction, and the Full Commission had, upon review thereof, vacated the order and remanded the claim to the deputy commissioner whose order is now under consideration, with directions to make “adequate * * * findings of fact as to whether the contract of employment * * * was made in the State of Florida or out of the State of Florida,” upon the answer to which jurisdiction to *498 entertain the claim depended. In compliance therewith additional testimony was submitted and upon the entire record before the deputy commissioner the order now under consideration was entered. At this juncture we deem it in order to note the competence with which the order presented the finding's of fact and conclusions of law upon which it is based.
The claimant, who was injured in Alabama, seeks to qualify for compensation under the Florida Workmen’s Compensation Law on the premise that his claim meets the test of Section 440.09, Florida Statutes, F.S.A., which provides in substance that an injury occurring outside the State of Florida is compensable if (a) the contract of employment was made in this state, and (b) the employer’s place of business or the employee’s residence is in this state, and (c) the contract of employment was not for services exclusively outside this state. Determination of the issue before the deputy commissioner depended on the effect of a telephone communication originating from the employer-respondent’s representative in Atlanta, Georgia, with the employee or with an agent of the employer who communicated the substance of it to the employee in Miami, Florida — it being immaterial which method of approach was employed — and the legal effect of the action taken by the employee in consequence of that communication.
The versions of the employer and employee as to the nature of the telephone call are substantially alike. It is fairly summarized by the deputy’s finding that employer’s manager “communicated with claimant in Miami and advised him in substance that if he would return to Atlanta, he would be given another chance, that there was going to be an opening in the position of foreman and that it was probable that he would be given the job.” The employee thereupon gave up his employment in Miami and proceeded to Atlanta where he immediately went to work for the employer and two weeks later was made a foreman.
The difficulty, therefore, was not so much in resolving the facts but in applying the law thereto for the purpose of determining the jurisdictional question. For the purpose of this review, the deputy commissioner found and it is not contested that the employee was a resident of this state at the time of his injury, that the employer’s place of business was also in Florida when the employee was injured, and that the contract of employment did not provide for services exclusively outside the state. It is to the finding of the deputy that the employment contract was made in Florida that the Full Commission disagreed, in reliance on Webster Lumber Co. v. Lincoln, 1927, 94 Fla. 1097, 115 So. 498, which case lays down the rule that a party making an offer of employment is entitled to stipulate the date, place, and mode of its acceptance, and that when the offer does so stipulate, it cannot be accepted for any other place or in any other manner. Strictly applying that rule to this claim under the Workmen’s Compensation Law, the Full Commission concluded that the offer of employment in this case was conditioned upon the claimant coming to Atlanta, that no acceptance could be made until the claimant actually. complied with this condition, that there was competent, substantial evidence to support the deputy commissioner’s' finding that an offer was made and, by the same token, that there is nothing to support his conclusion that “the acceptance was made by the claimant via a telephone call.” From this premise the Full Commission reasons that “the only time under the terms of the offer * * that an acceptance could be made would be when the claimant arrived in Atlanta.” As it was inherent in the conclusion of the deputy commissioner that the acceptance occurred in Florida, this brings our review to the critical point for determination.
The question involved is one of mixed law and fact. As usual in con *499 troverted claims, there is some conflict as to the facts. However, the deputy commissioner’s findings of fact are based upon competent, substantial evidence and under the rule in United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741, will not be disturbed. Hence our problem, as was that of the Full Commission, is only to determine whether the deputy commissioner correctly applied the law to the facts as he found them.
It is correct that the import of the employer’s telephone call was that if the employee came to Atlanta he would be given employment, and that the record does not contain an acceptance of that offer in the form of a spoken communication or promise on the part of the employee to come to Atlanta. Parenthetically, there is no evidence indicating that the employee was called on to immediately state his acceptance or rejection of the offer, or that he was required to communicate his disposition to the employer before leaving for Atlanta to engage upon the proffered employment.
The employer’s offer was for a unilateral contract. The deputy commissioner found and we agree that the trip from Miami to Atlanta was an activity impliedly specified in the offer. It was clearly known to the employer-offeror that in order to accept the offer the employee would have to leave his employment in Florida and travel to Atlanta. It was equally obvious to the offeror that embarking on that course of action would in itself constitute a substantial detriment to the offeree and, from the outset, that the trip from Miami to Atlanta was a substantial part of the exchange contemplated by the offer of employment. Such circumstances are distinguishable from those involving a bilateral contract, as would have been the case if the offer had contemplated acceptance by a promise to go to work, for in that event the absence of the promise would be essential to the contract.
The general rule is that a contract is deemed to be made in the state where the last act necessary to make a binding agreement takes place. 6 Fla.Juris., Conflict of Laws, Sec. 9; Goodrich on Conflict of Laws, Sec. 107. The rule is the same for unilateral contracts. Sec. 323 of The Restatement of Conflict of Laws states that “in the case of an informal unilateral contract, the place of contracting is where the event takes place which makes the promise binding.” See also Harris v. New York Life Ins. Co., 27 Del.Ch. 170, 33 A.2d 154.
In dealing with the question of when the employer’s offer to employ the claimant became binding, strict logic might indicate that the employer was not bound until the employee had physically arrived in Atlanta, that such was necessary in order to fully perform the acts specified in the offer. The injustice of following that strict logic in cases involving part performance under offers for unilateral contracts has led to the following rule as set forth in Section 45 of The Restatement of Contracts:
“If an offer for a unilateral contract is made, and part of the consideration requested in the offer is given or tendered by the offeree in response thereto, the offeror is bound by a contract, the duty of immediate performance of which is conditional on the full consideration being given or tendered within the time stated in the offer, or, if no time is stated therein, within a reasonable time.”
Applying that rule to this case, the employer had no duty to perform until the claimant arrived in Atlanta and tendered himself for work, but the employer became bound when claimant began his performance by leaving Miami. At that point it became too late for the employer to revoke his offer. See Comment, 17 Calif.L.Rev. 153; McGovney, Irrevocable Offers, 27 Harv.L.Rev. 644; Whittier, The Restatement of Contracts and Mutual Assent, 17 Calif.L.Rev. 441, 450.
*500 The rule followed by the deputy commissioner and to which we adhere is generally supported by the case law in workmen’s compensation matters. See Gomez v. Federal Stevedoring Co., 5 N.J.Super. 100, 68 A.2d 482; Bowers v. American Bridge Co., 43 N.J.Super. 48, 127 A.2d 580; Daggett v. Kansas City Structural Steel Co., 334 Mo. 207, 65 S.W.2d 1036; Pearson v. Electric Service Co., 166 Kan. 300, 201 P.2d 643. In these cases the contract was held to have been formed in the state where the claimant was located when the offer was received. While a contrary result was reached in Hunt v. Jeffries, 236 Mo.App. 476, 156 S.W.2d 23, and in Cobb v. International Paper Co., La.App., 76 So.2d 460, relied on by respondents, it is noted that the latter case involved an interstate telephone conversation clearly in the nature of preliminary negotiations, that the employer did not make a definite offer of employment to the employee, and that it was the employee who was soliciting employment.
In Larson on Workmen’s Compensation, Section 87.34, the respected author makes the following pertinent observation regarding the place-of-contract test:
“Probably the ultimate blame for these rather artificial arguments and attempted evasions rests on the unrealistic character of the place-of-contract test when construed to depend upon the sheer formality of being physically present in a particular geographical subdivision when a signature is scrawled or a word spoken into a telephone mouthpiece. There is nothing in this technicality of relevance to the choice of an appropriate statute for practical compensation purposes. The strict contract view, therefore, has for some years been giving way to the more pertinent inquiry into the location of the employment relation that results from the contract.”
Having concluded that the Full Commission was in error in vacating the order of the deputy commissioner and dismissing petitioner’s claim, certiorari is granted. The order of the Full Commission is vacated, the order of the deputy commissioner is reinstated, and this cause is remanded for further proceedings consistent herewith.
CARROLL, DONALD, J., and FITZPATRICK, W. L., Associate Judge, concur.