123 So.2d 251 (1960)
RAY-HOF AGENCIES, INC. and Corporate Group Service, Inc., Petitioners,
v.
Thorrence G. PETERSEN, Respondent.
Supreme Court of Florida.
September 21, 1960.
*252 Raymond E. Barnes and Edward J. Trotter, Jr., of Berson, Barnes & Inman, Orlando, for petitioners.
John Langford and Robert E. Hucker, Jacksonville, for respondent.
O'CONNELL, Justice.
We are asked in this cause to review by certiorari that decision of the District Court of Appeal, First District, reported in 117 So.2d 497. Petitioner contends that the district court's opinion and decision is in direct conflict with the decisions of this Court in Webster Lumber Co. v. Lincoln, 1927, 94 Fla. 1097, 115 So. 498 and Peters v. E.O. Painter Fertilizer Co., 1917, 73 Fla. 1001, 75 So. 749.
Respondent, Thorrence G. Petersen, hereinafter referred to as claimant, had on various occasions worked for Griffin Industries in Florida and for Ray-Hof Agencies, Inc. in Georgia. Ray-Hof, hereinafter referred to as the employer, is a subsidiary of Griffin.
The record before us and the district court's opinion reveal that during the summer of 1954, while claimant was working for Griffin Industries in Miami, Florida, the manager of the employer talked either with the claimant or with an agent of the employer, advising the claimant "that if he would return to Atlanta, he would be given another chance, that there was going to be an opening in the position of foreman and that it was probable that he would be given the job." [117 So.2d 498.] The claimant gave up his employment in Miami and proceeded to Atlanta where he went to work for the employer and two weeks later was made a foreman. Later, while working for the employer in Alabama, the claimant received the injury for which compensation is sought.
As stated in the district court's opinion the claimant contends that he is entitled to compensation under the Florida Act because the facts of this case meet the requirements of F.S. § 440.09, F.S.A. The cited act provides that an injury occurring outside the State of Florida is compensable under the Florida Act if (a) the contract of employment was made in this state, and (b) the employer's place of business or the employee's residence is in this state, and *253 (c) the employment was not for services to be rendered exclusively outside this state.
The deputy commissioner held that all of the requirements of § 440.09 were met by the evidence and held the claimant entitled to compensation.
On review the Full Commission reversed the deputy, principally on the ground that the contract of employment was not made in Florida but was made in Georgia when the claimant, in response to the employer's offer, reported for work in Atlanta, Georgia.
Thereafter, under the then existing provisions of F.S. § 440.27, F.S.A., the claimant petitioned the subject district court of appeal to review the order of the Full Commission with the result that the district court by its opinion and decision reported in 117 So.2d 497 quashed the order of the Full Commission and reinstated the order of the deputy commissioner.
We must determine first whether there is a conflict between the district court's opinion and decision and the cited decisions of this Court and then second, whether the contract of employment between the claimant and the employer was or was not made in Florida.
On the question of conflict, we think that the employer is correct in its contention that there is a direct conflict, on the same point of law, between the district court's opinion and decision and those of this Court in Webster Lumber Co. v. Lincoln, supra, and Peters v. E.O. Painter Fertilizer Co., supra.
In the Webster case this Court held that the offeror has the right to prescribe in his offer conditions "as to time, place, quantity, mode of acceptance, or other matters which it may please him to insert in and make a part thereof." [94 Fla. 1097, 115 So. 504.] (Emphasis added.) It also held that the acceptance, to conclude the agreement, must in every respect meet and correspond with the offer.
The district court in its opinion recognized that the employer in its offer of employment inserted the condition that "if the employee came to Atlanta he would be given employment." [117 So.2d 499.]
It recognized that strict logic would indicate that it was necessary for the claimant to physically report in Atlanta in order to fully perform the conditions of the offer.
It nevertheless, held that in effect the contract was made in Florida when the claimant undertook "performance by leaving Miami."
We think it quite obvious that this is in conflict with the decision of this Court in the Webster case.
The Peters case stands for the rule that the place of contract is "where the last act necessary to complete the contract is performed." [73 Fla. 1001, 75 So. 750.]
The district court correctly recognized this to be the law saying, "The general rule is that a contract is deemed to be made in the state where the last act necessary to make a binding agreement takes place." [117 So.2d 499.] However, after stating and recognizing this principal, it ignored it and held the place of contract to be Miami, Florida, the place where claimant began "his performance" by departing for Atlanta. Although the opinion makes clear that the last act necessary to make a binding agreement was to take place in Atlanta, Georgia it nevertheless held that the place of contract was in Florida. It therefore is in conflict with the Peters case.
We go next to the question of the place of the contract.
Both the deputy commissioner and the district court were of the opinion that the employer's offer was for a unilateral contract and that the claimant's journey from Miami to Atlanta was impliedly specified *254 as part of the action to be taken by the claimant in performance of the contract. Following this reasoning they concluded that inasmuch as "the employer became bound when claimant began his performance by leaving Miami" the contract was made in Florida.
It is apparent to us that both the deputy commissioner and the district court misconceived the effect of the claimant's traveling from Miami to Atlanta insofar as it relates to establishing the place of contract.
While it may well be true that claimant's act in leaving Miami to go to Atlanta might preclude the employer from then withdrawing the offer of employment without subjecting itself to damages, such act did not constitute full acceptance of the offer so as to conclude the agreement of employment.
While the district court quoted and relied upon Section 45, Restatement of Contracts, in support of its decision, we think such section does not support the conclusion that partial performance or commencing preparations essential to accepting the offer constitutes an acceptance of the contract so as to support the conclusion that the place where the performance is commenced or preparations begun is the place of contract.
As is pointed out in the comments following Section 45, the main offer for a unilateral contract always includes an implied subsidiary or collateral promise that if part of the requested performance is given the offeror will not revoke his offer and that if tender is made it will be accepted.
In the case before us now the offer of employment included the implied collateral promise that if the claimant undertook to perform the contract by departing Miami for Atlanta, or that if the claimant tendered acceptance by presenting himself in Atlanta the employer would not revoke its offer. Therefore, it might be said that after the claimant left Miami the offer became irrevocable but it does not follow that by this act the employment agreement was completed.
Under the terms of the offer for contract as the district court found it to have been extended the employer imposed the condition that the offer could be accepted by the claimant's presenting himself in Atlanta. The claimant's presenting himself in Atlanta was unquestionably the last act necessary to complete the agreement. It could only be performed in Atlanta, Georgia. Therefore it follows that the place of contract was Georgia and not Florida.
Our decision is in accordance with both the general rule and the decisions of this Court in the Peters and Webster cases.
In its decision the district court, in support thereof, cited 2 Larson on Workmen's Compensation, § 87.34. Quite obviously the district court construed that author's statements to mean that in workmen's compensation cases the rules of law generally used in determining the place of contract should not be strictly followed.
We have studied carefully the cited section in Larson, and sections subsequent thereto. It seems clear to us that the author was saying that in workmen's compensation cases the adjudicating authorities are more inclined to use the "location of the employment relation that results from the contract" rather than the "place of contract" as the basis for determining which state's laws will govern any claim for benefits.
While we can well understand the logic of determining benefits by the laws of the state where the employment relation existed when the injury occurred, our state makes the "place of contract" one of the determinative factors in a situation such as now before us and therefore Mr. Larson's views cannot be utilized in this case.
However, if they could the result would not be to assist the claimant but would be *255 contra to his contention, for if the "location of the employment relation" was to be used as determinative then Alabama's laws would probably control the claim.
The district court and the deputy commissioner were of the opinion that the rule they followed in determining the place of contract is generally supported by case law in workmen's compensation cases.
We have considered each of the cases cited by the district court and find that none of these cases fully comprehends or discusses the identical question involved in this case. This was recognized by the deputy commissioner in his order.
The case of Hunt v. Jeffries, 1941, 236 Mo. App. 476, 156 S.W.2d 23, which was cited by the district court as reaching a result contrary to its decision, is quite similar to the case now before us and supports our conclusion.
The case of Sabella v. Brazileiro, 1914, 86 N.J.L. 505, 91 A. 1032, is comparable to the case now before us and clearly supports the conclusion we have reached.
In summary we have in this opinion reaffirmed our previous decisions that in a unilateral offer of contract the place of contract is the place of performance of the last act necessary to complete the contract in accordance with the offer made by the offeror.
We take care to point out that this opinion is not to be taken as authority that an offer of employment is sufficient as a binding offer if the offeror merely states that if an individual will report for work he will be given a job without specification of compensation or other essential factors necessary to a mutual understanding of what is offered. This question is not before us in this cause.
For the foregoing reasons the decision of the district court of appeal is quashed and the cause remanded to the district court of appeal for further proceedings consistent herewith.
It is so ordered.
THOMAS, C.J., TERRELL and HOBSON, JJ., and MOODY, Circuit Judge, concur.