THOMAS, Justice.
At the hearing before the deputy commissioner it was stipulated that the respondent was injured by accident arising out of and in the course of his employment with Miller Contracting Company when he fell from a scaffold in Garden City, Georgia; and that the claimant had received from the petitioner-carrier payments for temporary total disability from the date of the injury to the day of the hearing under Georgia Workmen’s Compensation Act in the amount of $30. weekly. It was further agreed that in event of an award the deputy could fix the attorney’s fee without receiving testimony and that medical reports and bills for doctor’s services introduced in Georgia in respect of the claim be considered without objection, the parties reserving, however, the right of cross-examination.
Based on the stipulation and such testimony as was offered the deputy found as fact the situation we now relate. A Mr. Cutcher, foreman of Miller Contracting Company,, lived in Jacksonville Beach and' maintained in his home an office whence he conducted the business of his company in that territory. The foreman called claimant at St. Augustine and solicited his services *746 on jobs in Florida and other states. In the conversation, wages were discussed, hut no agreement was reached about the time claimant would report since he was then engaged in other work which would not be concluded for several days. The foreman proceeded to Atlanta where his company had a job and from there he telephoned the claimant and summoned him to employment at that place. When this work was concluded the claimant participated in jobs in Ohio, Indiana, the District of Columbia and Florida. He was not compensated by the company in interims between jobs but would return in each instance to his home in St. Augustine there to remain until called to another job by the foreman. At no time after April 1960 did the claimant work for any employer other than Miller Contracting Company or its affiliate, Miller Industrial Maintenance Company, until the date of the accident 2 January 1962. Parenthetically, the two companies were so closely related, according to the foreman’s testimony, as to be actually one organization. At the conclusion of the work in the District of Columbia the claimant was directed by the foreman to report at Savannah, Georgia, where he was engaged when he was injured.
The deputy observed that under the Workmen’s Compensation Act in Georgia the maximum medical payments are limited to $1500 for each injury and that claimant’s medical expenses arising from his injury while working for petitioner-employer exceed that amount. In such cases the expenses are prorated.
The deputy thought that in all the circumstances the claim was compensable here and that although the injury occurred in another state the contract was made in Florida and did not provide for exclusive employment without the State. He held the view that the employment was continual, despite the fact that the work was not continuous, inasmuch as the claimant marked time between jobs and stood ready at the conclusion of one to go where summoned to .participate in another.
The petitioners take the position that the contract with the claimant was not entered in Florida in the first place and that each job in which he engaged was separate and distinct from the immediately preceding one.
Upon review the Full Commission found no fault with the deputy’s ruling.
The pertinent law, Sec. 440.09(1), Florida Statutes, F.S.A., provides that if a workman suffers an injury in another state of such kind as would afford compensation had it happened here, he may be compensated if (1) the contract of employment was made here, and (2) the employer’s place of business is here, or (3) the residence of the employee is in this state, with the provisos that (1) the contract was not expressly for service exclusively outside the State, and (2) the total compensation received in the foreign state and this State shall not exceed that allowed by the law of this State
The petitioners assert that the first condition was never met, that is, that the contract was not made in Florida and to support the position they refer us to our decision in Ray-Hof Agencies, Inc. v. Petersen, 123 So.2d 251, where it was held that “in a unilateral offer of contract the place of contract is the place of performance of the last act necessary to complete the contract in accordance with the offer * *
In relating that case to the present one dissimilarity in salient facts becomes obvious. In the former the workman was told that if he would come to Atlanta he would be given further opportunity to work and probably be placed in the position of foreman which would be open. The claimant surrendered his place in Florida and proceeded to Atlanta where he became foreman as anticipated. In the course of his employment he was injured in Alabama. There arose the question whether or not he was employed in Florida. It was held that the last act completing the contract of employment was his appearance in Atlanta. Until that time, it seems, no definite arrangement: had been made.
*747 In the immediate case the preliminary-negotiations took place between a representative of the employer-company in Jacksonville Beach and the claimant, resident in St. Augustine, both in this State. It is clear that when first approached the workman said he would be available when, after a few days he finished work in which he was then occupied. The foreman, himself, testified that the contract was made in Florida,, a conclusion perhaps, but fortified with his further testimony that the later call from Atlanta to the claimant in St. Augustine was simply to advise the latter when to report for work and where to go.
It is manifest that the employment was not expressly for service outside the State, and as the relationship continued the employee did work in Florida as well as other states.
We are unable to accept the argument of petitioners that each job to which the employee contributed his services was an independent undertaking therefore a separate and distinct contract. From the whole picture we are convinced that the employer was engaged in work of a general kind consisting of a series of jobs in various locations and was keeping its crew intact to meet demands as they arose. It is to us more logical that there was but one employment of the claimant which could be terminated by either party at will and that it was the sensible and natural act on claimant’s part to return to his home during lulls in the activities of the employer there to await notice to report for work on a forthcoming project. The continuation of the relationship as one employment is manifest from the fact that the claimant worked for no one else from the time he first entered the employ of the petitioner-employer despite the opportunity during the interims to do so. And his willingness to stay at home and await the next call did not make of his services a succession of independent employments.
After arguing to great extent that the contract was not entered in Florida, the petitioners insist that each time the claimant worked for the employer at a different site, a new contract was formed and adopting that as their premise they conclude that “therefore, the question of whether the original contract of employment between employer and claimant arose in Florida or Georgia is totally irrelevant.”
The petitioners cricticize the finding of the deputy numbered seven which they say was “to the effect that employer [Miller Contracting Company of Ohio, Inc.] and Miller Industrial Maintenance Company * * * were one and the same corporate entity.” Parenthetically, we say that evidently some of the work was by one and some by the other. But in the interest of accuracy we must comment that in finding number seven the deputy did not so observe. He said that claimant at no time worked for any but these two corporations “which although separate corporate entities were closely related and according to Mr. Cutcher’s testimony were one and the same.” The gist of this statement is abundantly supported by the record. It reflects this man’s statements that “they [the two companies] are closely connected business-wise,” operate out of the same building, have the same address, maintain one office, have the same post box address and the “same office under the same roof.” Furthermore Cutcher who by the very nature of the relationship was familiar with the operations seemed to think he was working for both indiscriminately.
A perusal of the record has not revealed to us any impropriety on the part of the deputy and the Full Commission that would justify our disturbing their disposition of the cause so the petition for certiorari should be denied.
DREW, C. J., and TERRELL and THORNAL, JJ., concur.
CALDWELL, J., dissents.