CARLTON, Chief Justice.
This cause is before us on petition for writ of certiorari to the Industrial Relations Commission, following the Commission’s reversal of an order of the Judge of Industrial Claims which had dismissed the compensation claim involved. We are of the opinion that the Commission reached the proper result in reversing and that the Commission, as far :as was necessary to reach that result, correctly interpreted and applied the pertinent statutes. We therefore deny certiorari.
In so doing, however, we wish to correct one mis-statement of the law which was made in the Commission’s otherwise very competent and thorough opinion. The conclusion reached by the Commission would have been the same had the law been properly stated, so our correction does not affect any substantive issue in this cause; we merely wish to eliminate any confusion.
The error is in the Commission’s interpretation of Fla.Stat. § 440.09(1), F.S.A., the pertinent part of which is as follows:
“. . . Where an accident happens while the employee is employed elsewhere than in this state, which would entitle him or his dependents to compensation if it had happened in this state, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this state, and if the employer’s place of business is in this state or if the residence of the employee is in this state, provided, his contract of employment was not expressly for service exclusively outside of the state . . . . ”
The Commission cited our decision in Miller Contracting Co. of Ohio, Inc. v. Hutto, 156 So.2d 745 (Fla.1963), as holding that this statutory section entitles an employee to compensation for an otherwise-compensable, out-of-state injury under these alternative circumstances: “. . . (1) [if] the contract of employment was made in Florida and the employer’s place of business is in Florida, or (2) if the residence of the employee is in Florida and the employee’s contract of employment was not expressly for service exclusively outside of the state.”
The phrasing of the statute does not, grammatically, support such an interpretation; neither does our opinion in Miller, supra, which was clear and specific. Rather than quote the portion of our Miller opinion dealing with this statute (at 156 So.2d 746), we will simply reiterate that the statute establishes one set of three conditions (one of which is phrased in alternatives) which must occur to make compensa-ble an out-of-state injury. Assuming all other statutory conditions are fulfilled, § 440.09(1) authorizes compensation for such an injury only when the employee’s contract of employment has beeij made in Florida and it is not expressly for service exclusively outside of Florida; in addition, either the employer’s place of business or the employee’s residence must be in Florida.
Since the Industrial Relations Commission arrived at the correct result in this case, despite the correction to its opinion indicated herein, the petition for writ of certiorari is denied.
It is so ordered.
ROBERTS, ADKINS and McCAIN, JJ., concur.
ERVIN, J., agrees to conclusion.
BOYD and DEKLE, JJ., dissent.