SHIVERS, Judge.
This cause is before us on appeal from an Order of the Judge of Industrial Claims finding the claimant sustained a compensa-ble accident under Chapter 440, F.S., and awarding temporary disability benefits and further medical treatment. Although appellants contend there is no coverage under Florida law because the contract of employment was formed outside the state, and further argue the claimant was not entitled to continuing compensation at the maximum rate even assuming coverage, we find no reversible error.
On September 3, 1978, claimant sustained an injury to his lower back by accident arising out of and in the course of his employment with appellants in Saudi Arabia. Appellants disputed compensability on the grounds the employment was localized in Saudi Arabia and the employment contract was made in New York rather than in Florida. Section 440.09(1), F.S. (1977) provides coverage for an out-of-state accident if either “the contract of employment was made in this state” or “the employment was principally localized in this state.” Bechtel Power Corporation v. Page, IRC Order 2-3255 (1977).
There is competent, substantial evidence in the record to support the finding that claimant’s contract of employment with appellant was made in Florida. Prior to obtaining a job with appellant George A. Fuller Company, claimant was residing in Seff-ner, Florida, and working in St. Petersburg, Florida. In 1977, he decided to seek employment overseas and hired a Tampa personnel agency to help him prepare a resumé which was then sent to various contractors. Thereafter, appellant contacted claimant by telephone from New York regarding a job in Saudi Arabia. Following the call, claimant was personally interviewed for the job by appellant in St. Petersburg.
On December 29, 1977, after additional contacts by mail and telephone, appellant sent a letter to claimant in Florida conditionally offering him employment provided he could obtain a passport, was qualified for the position offered, was able to pass a physical examination, and was able to obtain a Saudi Arabian visa. He obtained his passport in Florida and passed a physical examination by a physician of appellant’s choice in St. Petersburg. Claimant’s Saudi Arabian visa was obtained by appellant.
Subsequently, claimant was found to be qualified for the job and received a contract of employment in the mail which he signed in Florida and sent back to appellant in New York. Pursuant to appellant’s instructions, claimant then flew to New York where he was reimbursed for his previous costs, given his visa, and provided additional spending money for his trip to Saudi Arabia. While in New York, a second employment contract was executed because the previous contract contained a $3.00 mistake as to the amount of pay claimant would receive per week. The claimant then boarded a plane for Saudi Arabia that day.
It is clear the contract of employment was made in Florida. Claimant satisfied all conditions for employment in Florida, including the execution of the employment contract. Unlike Ray-Hof Agencies, Inc. v. *286 Petersen, 123 So.2d 251 (Fla.1960), upon which appellants base their contention that the place of contract was in New York rather than in Florida, claimant’s trip to New York was not the last act necessary to complete the contract. The trip to New York was necessary only to facilitate claimant’s departure for Saudi Arabia and the execution of the second contract served only to correct a mistake contained on the face of the first contract. At the time claimant arrived in New York, the parties had already reached an agreement as to claimant’s employment as seen by the initial contract which was executed in Tampa. Therefore, when the claimant boarded the airplane in Tampa for the flight to New York, he was an employee of appellant.
Appellants also contend the Judge of Industrial Claims erred in awarding claimant continuing temporary partial disability benefits at the maximum compensation rate. We disagree. The amount of claimant’s average weekly wage prior to the injury, which was $750, and his post-injury wage-earning capacity, which was $100 per week, entitled him to temporary partial benefits at the maximum rate. Section 440.15(4), F.S. (1977). Although the post-injury wage-earning capacity figure was the same as the amount of claimant’s actual post-injury wages, there is sufficient evidence within the record to support the determination that $100 per week constituted claimant’s temporary wage-earning capacity. Since there was no evidence claimant had reached maximum medical improvement at the time of the order, the award of continuing temporary disability benefits was proper.
In affirming, we note appellants have attempted to assert various errors by the Judge of Industrial Claims in a shotgun fashion under the second issue on appeal. Nonetheless, we find there is competent, substantial evidence to support the order. The order therefore is affirmed.
ROBERT P. SMITH, Jr., J., and ERNEST E. MASON (Retired), Associate Judge, concur.