NIMMONS, Judge.
The employer and carrier (E/C) appeal from an order awarding compensation benefits to the claimant. The E/C defended on the basis that the claimant was employed outside the State of Florida and the contract of employment was not made in Florida. The deputy commissioner determined otherwise and the E/C appeals. We reverse.
In June, 1987, claimant was hired to work at the construction site of the Perdido Hilton in Gulf Shores, Alabama. The claimant, who resided in Milton, Florida, was injured at the job site a few weeks later. ⅛
Section 440.09(1), Florida Statutes (1987), provides in pertinent part:
(1) * * * Where an accident happens while the employee is employed elsewhere than in this state, which would entitle him or his dependents to compensation if it had happened in this state, the employee or his dependents shall be entitled to compensation if the contract of employment was made in this state, or the employment was principally localized in this state. * * *
The order was based in part upon the deputy’s finding that the employer had authorized one of its employees, Jim Caliendo, to communicate with claimant and hire him. It is questionable whether there is competent, substantial evidence to support the finding that Caliendo was so authorized as contrasted with the notion that Caliendo was merely authorized to request that the claimant come to the job site to see Mr. Berryhill, the on-site job foreman, who would do the hiring. Nevertheless, we will assume that the employer had delegated hiring authority to Caliendo. The problem is that there is simply no evidence to support any finding that a contract of employment was entered into, oral or otherwise, at any time before the claimant arrived at the job site in Gulf Shores. Nor was there evidence that Caliendo extended an offer of *302 employment to claimant at the Pitt Grill on the morning in question.[1]
The deputy’s specific finding, upon which his conclusion was based that the contract of employment was made in Florida, was stated in paragraph 5 of the order:
5. * * * Mr. Caliendo contacted the claimant by phone and a meeting was set between the two at the Pitt Grill in Milton, Florida. At this meeting, Mr. Cal-iendo told the claimant about the job and advised the claimant to come to the job site the next day to begin work. * * *
But there is no record support for the above finding. The only indication of what took place at the Pitt Grill gathering was by way of the claimant’s testimony in which he told Caliendo that he was going out to the Hilton to work with them that day. Caliendo was not called to testify. Claimant testified that he had called a friend of his, Robert Franklin, who was an employee of Star Insulation and from whom claimant learned of the job opening, and had asked when the workers met to go out to the Hilton. Franklin told claimant that they met at the Pitt Grill and that claimant should meet them there. Claimant testified that he did not believe Calien-do knew he was going to show up at the Pitt Grill on the morning in question. We would also note that claimant believed Cal-iendo worked at a trade level below that of claimant and that claimant did not look upon Caliendo as a person with hiring authority.
In conclusion, there is no competent substantial evidence that the contract of employment was made in Florida.
Accordingly, the order is REVERSED.
WENTWORTH and MINER, JJ., concur.

. We note the Supreme Courts holding in Ray-Hof Agencies, Inc. v. Petersen, 123 So.2d 251, 255 (Fla.1960):
[I]n a unilateral offer of contract the place of contract is the place of performance of the last act necessary to complete the contract in accordance with the offer made by the offer- or.