PER CURIAM.
We affirm the JCC’s ruling that Florida has jurisdiction to determine the compens-ability of claimant’s out-of-state industrial injury because the employment contract *537 was made in Florida. See § 440.09(l)(d), Fla. Stat. (1997); Miller Contracting Co. of Ohio v. Hutto, 156 So.2d 745 (Fla.1963).
In Miller, the Florida Supreme Court concluded under very similar facts that although the claimant worked at different times and at various out-of-state job sites, his employment relationship with Miller Contracting Company was continual. The Court concluded that the claimant’s employment contract was made in Florida because the claimant initially accepted Miller Contracting Company’s offer of employment in Florida. Thus, the Court held that Florida had jurisdiction to determine the claimant’s industrial injury he sustained while working in Georgia. 156 So.2d at 747.
Similarly in this case, the claimant’s employment relationship with Appellant, Cannon Sline, Inc., was continuous from the time he accepted the initial offer of employment in 1995 at his Florida home. Cannon Sline considered the claimant to be a continuing employee and the claimant did not work for any other company.
AFFIRMED.
ERVIN, KAHN and POLSTON, JJ., concur.