PER CURIAM.
In this workers’ compensation appeal, James Owens (Claimant), an individual injured in Georgia, challenges an order of the Judge of Compensation Claims (JCC) that concludes his contract of employment with the Employer was formed in Utah, not Florida, thereby removing his claims from coverage under the Florida Workers’ Compensation Law. Because the facts as found by the JCC establish that Claimant’s contract of employment was formed while Claimant was residing in Florida — albeit for work to be performed mostly outside of Florida — and Claimant’s acceptance of the Employer’s offer (the last act necessary to form the contract) occurred in Florida, we reverse.
Section 440.09(l)(d), Florida Statutes (2007), provides that the Florida Workers’ Compensation Law covers accidents occurring under a contract of employment formed in Florida. See § 440.09(l)(d), Fla. Stat. (2007). Here, the JCC found that Claimant, while residing in Florida, was offered, and he accepted, employment with the Employer (CCJ Auto Transport, Inc.), the terms of which required Claimant to drive the Employer’s truck throughout the United States. Under this agreement (reached in Florida), Claimant was required to follow certain rules, and would be paid a negotiated amount for the work he agreed to perform. To begin performance under this contract, Claimant was required to travel to Utah to pick up the Employer’s truck, and the Employer paid for and sent Claimant an airline ticket for his travel from Florida to Utah.
Significantly, the JCC found that the Employer did not condition Claimant’s hire upon his arrival in Utah, but rather found the agreement was reached while Claimant was in Florida. Nevertheless, the JCC, relying on the supreme court’s decision in Ray-Hof, Inc. v. Petersen, 123 So.2d 251 (Fla.1960), concluded the last act necessary to form the contract occurred when Claimant arrived in Utah, because Claimant could not begin work until he arrived in Utah. In Ray-Hof, however, the express terms of the offer of employment provided that the employee would not be hired (and no contract of employment would be formed) until or unless the employee arrived in at the employer’s place of business in Georgia. 123 So.2d at 251.
In contrast, here Claimant was hired in Florida, the agreement for employment was formed in Florida, and Claimant’s travel to Utah was undertaken in performance of the contract, not for the purpose of forming the contract. That Claimant could not begin his employment until he arrived in Utah did not negate the formation of the Florida contract for the performance of work elsewhere — or coverage under the Florida Workers’ Compensation Law. See George A. Fuller Co. v. Chastain, 388 So.2d 284 (Fla. 1st DCA 1980) (concluding Claimant’s travel to New York “to facilitate claimant’s departure for Saudi Arabia” did not nullify contract for foreign employment formed in Florida, making workers’ compensation claim for injury in Saudi Arabia actionable under Florida Workers’ Compensation Law). Accordingly, the JCC erred by concluding she did not have jurisdiction over this claim.
Because of the JCC’s ruling on the jurisdictional matter, she did not reach any *181 conclusions or make any findings regarding Claimant’s employment status (independent contractor vs. employee), and likewise did not dispose of the claims for compensation filed against the various entities named as parties responsible for compensation. Accordingly, we REVERSE and REMAND this case for further proceedings to determine Claimant’s entitlement (if any) to benefits under the Florida Workers’ Compensation Law.
PADOVANO and CLARK, JJ., and SCHWARTZ, ALAN R., Senior Judge, concur.